1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| WILLIE TATUM,<br>CDCR #J-04606,<br><br>                              Plaintiff,<br><br>               vs.<br><br>W.J. McGUINNESS, et al.,<br><br>                              Defendants. | Civil No.    08-0925 JAH (PCL)<br><br><br>**ORDER SUA SPONTE DISMISSING**<br>**FIRST AMENDED COMPLAINT FOR**<br>**FAILING TO STATE A CLAIM**<br>**PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On June 19, 2008, Plaintiff, an inmate currently incarcerated at the California State Prison located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

1   The Court granted Plaintiff's Motion to Proceed *IFP* on July 31, 2008 [Doc. No. 10].  On

2   November 25, 2008, this matter was reassigned to District Judge John A. Houston for all further

3   proceedings [Doc. No. 11].  Plaintiff filed a First Amended Complaint ("FAC") on December

4   17, 2008 [Doc. No. 12].

**II.**

**SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

7   The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints

8   filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained

9   in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of

10  criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

11  program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

12  Under these provisions, the Court must *sua sponte* dismiss any IFP or prisoner complaint, or any

13  portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

14  defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

15  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

16  446 (9th Cir. 2000) (§ 1915A).

17  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted *sua sponte*

18  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is

19  frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319,

20  324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

21  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

22  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection

23  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

24  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

25  (discussing 28 U.S.C. § 1915A).

26  "[W]hen determining whether a complaint states a claim, a court must accept as true all

27  allegations of material fact and must construe those facts in the light most favorable to the

28  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

1   "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's

2   duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

3   839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*

4   *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

5        Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

6   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

7   the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

8   United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

9   *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d

10  1350, 1354 (9th Cir. 1985) (en banc).

11       **A.       Eighth Amendment Claims**

12       In his First Amended Complaint, Plaintiff alleges that he was taken to the Corcoran Main

13  Medical Facility on November 15, 2006.  (*See* FAC at 7.)  While he was there, prison officials

14  administered anesthesia which he claims caused him to "pass out and lose consciousness." (*Id.*)

15  When Plaintiff awoke, he alleges that he was told that he had a reaction to the anesthesia which

16  resulted in seizures.  (*Id.*)  Plaintiff was then given an MRI but again, he suffered a severe

17  reaction because the medical personnel failed to ask him if he had any metal in his body.  (*Id.*

18  at 8.)  Plaintiff has a tattoo on his forehead that contains lead.  (*Id.*)

19       In addition, Plaintiff alleges that he has been denied adequate medical care including the

20  denial of pain medication and refusing to provide physical therapy prescribed by doctors.  (*Id.*

21  at 9-11.)   While some of Plaintiff allegations rise to the level of an Eighth Amendment

22  violation, his claims relating to the anesthesia and MRI procedures sound in negligence.

23       In order to assert a claim under the Eighth Amendment for inadequate medical care,

24  Plaintiff must show that each individual prison doctor and medical staff member that he seeks

25  to sue were "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509

26  U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Lopez v. Dep't of Health*

27  *Services*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (holding that private physicians who

28  contract with prisons to provide specialized medical services to indigent prisoners act under

1 color of state law).

2      In order to show deliberate indifference, an inmate must allege sufficient facts to indicate

3 (1) that his medical need is "serious" and (2) that prison officials acted or failed to act in light

4 of that need with a "culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  While

5 Plaintiff's allegations may be sufficient to allege a serious medical need, he has failed to allege

6 facts sufficient to demonstrate that all of the named Defendants were deliberately indifferent to

7 that serious medical need.

8      The indifference to medical needs rising to an Eighth Amendment claim must be

9 substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount

10 to a constitutional violation.  *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332,

11 1334 (9th Cir. 1990).  Here, Plaintiff faults the improper administration of anesthesia and the

12 failure to notify the MRI technician that he had metal in his tattoo for his medical injuries.  Such

13 claims, at most, sound in negligence.  There are no facts from which the Court could find that

14 any of the Defendants who were administering these procedures were "deliberately indifferent"

15 to Plaintiff serious medical needs.

16      Accordingly, the Court must dismiss Plaintiff's Eighth Amendment claims for failing to

17 state a claim upon which relief could be granted.

18 **B.      Respondeat Superior**

19      In addition, Plaintiff appears to seek to hold Warden Adams and former CDCR Secretary

20 Jeanne Woodford liable in their supervisory capacities for his claims that he was injured and

21 denied adequate medical care in violation of his constitutional rights.  (*See* Compl. at 2-4.)

22 However, there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*,

23 9 F.3d 1433, 1437-38 (9th Cir. 1993).   Instead, "[t]he inquiry into causation must be

24 individualized and focus on the duties and responsibilities of each individual defendant whose

25 acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844

26 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).

27 / / /

28 / / /

In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's First Amended Complaint in no way sets forth facts which might be liberally construed to support an individualized constitutional claim against Defendants Adams and Woodford.

Accordingly, Plaintiff's First Amended Complaint is dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1. However, because Plaintiff could possibly cure the defects of pleading identified in this Order, he is hereby granted an opportunity to amend. *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has determined, "that the pleading could not possibly be cured by the allegation of other facts.").

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking monetary damages against immune Defendants. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

/ / /

1    Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

2 may be granted, it may be dismissed without further leave to amend and may hereafter be

3 counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79

4 (9th Cir. 1996).

5

6 DATED:  January 14, 2009

7

8                                    **HON. JOHN A. HOUSTON**
                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28